IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES DUKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0300 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO GRANT, IN PART, RESPONDENT'S MOTION TO DISMISS and
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner wherein he appears to seek immediate release from custody to mandatory supervised release. On January 9, 2007, respondent filed a motion to dismiss petitioner's application for failure to exhaust or, alternatively, as moot. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus is moot, that respondent's motion to dismiss should be granted, in part, and that petitioner's habeas application should be DISMISSED.

I.
PROCEDURAL BACKGROUND AND ALLEGATIONS

Until January 17, 2007, petitioner was confined in a state correctional institution pursuant to a July 21, 2005 conviction for the felony offense of possession of a controlled substance out of the

219th Judicial District Court of Collin County, Texas, and the resultant 3-year sentence. In the instant habeas application, petitioner alleged his continued confinement was in violation of the Constitution and laws of the United States because he had not been released to mandatory supervision even though his good conduct time plus his calendar time (flat time) equaled the length of his 3-year sentence. Petitioner also argued the Texas "discretionary" mandatory supervised release statute is unconstitutional.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

Respondent initially argues petitioner's habeas application should be dismissed because he has failed to exhaust his state court remedies by presenting his claims to the state's highest court. This Court may, however, deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). As petitioner's claims are moot and do not entitle him to relief, as discussed below, it is the opinion of the undersigned that this Court should not dismiss petitioner's federal habeas application for any failure to exhaust.

## III.
## MOOTNESS OF PETITIONER'S REQUEST FOR RELIEF

In his habeas application, petitioner argues he is entitled to early release from confinement to mandatory supervision because his accrued time credits, including flat, good and work time, total the length of his 3-year sentence. On January 17, 2007, petitioner was, in fact, released to mandatory supervision. As petitioner has been afforded the relief he is seeking by way of this federal habeas application, his petition is moot, mandating its dismissal.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent NATHANIEL QUARTERMAN be GRANTED, IN PART, on the alternative basis that the petition for a writ of habeas corpus filed by petitioner MICHAEL JAMES DUKE is moot, and that the petition for a writ of habeas corpus filed by petitioner be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of January 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).